■ The People of the State of New York, Respondent, v John Oduro, Appellant. [2 NYS3d 892]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered October 17, 2012, convicting defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the first degree, and sentencing him to a term of probation of five years, unanimously reversed, on the law, the plea vacated and the matter remanded for further proceedings.

As the People concede, the plea was defective because the court did not inform defendant of the length of the term of probation that he would be receiving (*see People v Harnett*, 16 NY3d 200, 205 [2011]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Feinman and Kapnick, JJ.

■ Hamilton Heights Funding LLC, as Assignee of People's United Bank, as Successor by Merger to Bank of Smithtown, Respondent, v 147 W. 129 St. Apt. Inc., Respondent, et al., Defendants. Kourosh Gouyghadosh, Nonparty Appellant. [2 NYS3d 893]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered February 25, 2014, which vacated a prior foreclosure sale and directed that the subject property be re-sold at public foreclosure auction, unanimously affirmed, without costs.

There is no support in the record for appellant's contention that plaintiff waived appellant's default at the March 25, 2013 closing by agreeing to extend his time to close beyond March 25, 2013. The parties' agreement provided that it could not be modified orally, and the record discloses no written agreement to extend appellant's time to close beyond March 25, 2013 (*see* General Obligations Law § 15-301; *Nassau Beekman LLC v Ann/Nassau Realty LLC*, 105 AD3d 33, 39 [1st Dept 2013]). Moreover, even if the agreement permitted oral modification, it would not avail appellant, since there is no evidence that, after appellant defaulted, plaintiff orally agreed to grant him an extension of time to close. Concur—Mazzarelli, J.P., Sweeny, Renwick, Feinman and Kapnick, JJ.